IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1st NATIONAL REPOSSESSORS, INC.
and DON MASHAK,

                                                      ORDER

                      Plaintiff,

                                          09-cv-783-slc[1]

    v.

DANNETTE MEEKS-HULL and
MICHAEL HULL,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Don Mashak has filed a document titled "complaint" that I will construe as a notice of removal for two Minnesota cases. Also, he has requested leave to proceed in forma pauperis. Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

any doubts regarding subject matter jurisdiction in favor of remand.  <u>Doe v. Allied-Signal, Inc.</u>, 985 F.2d 908, 911 (7th Cir. 1993); <u>Illinois v. Kerr-McGee Chemical Corp.</u>, 677 F.2d 571, 576 (7th Cir. 1982).  I conclude plaintiff cannot remove one of his cases and will have to provide additional information concerning the other case.

Plaintiff's notice of removal includes two Minnesota case numbers, CO-08-405 and 30-CV-08-1298, and he asks to remove "these 2 matters to Federal Court, or 1 of the two if the rules would otherwise prevent moving them both to Federal Court." Case no. CO-08-405 is a small claims action in which Mashak is the plaintiff.  Only "the defendant or defendants" in a state action may remove a case to federal court. 28 U.S.C. § 1441.  Because Mashak is the plaintiff in this state court proceeding, his request for removal must be denied for this case, and it will be remanded to state court.

Plaintiff does not provide much detail about case no. 30-CV-08-1298.  He labels it a "harassment" action and mentions in his notice of removal that he received a "harassment restraining order" from defendants.  Although it seems unlikely from plaintiff's description that this court has subject matter jurisdiction over this action, I will give him an opportunity to provide additional information explaining how this case raises a federal question that this court has the power to hear.  (Diversity jurisdiction does not come into play because all of the parties are from Minnesota).  I note that the easiest way for plaintiff to more fully inform the court is to supply a copy of the complaint in the Minnesota case.  I will give

2

plaintiff until March 12, 2010 to provide additional information. If he does not respond by that date, I will deny plaintiff's motion for leave to proceed in forma pauperis and remand the case to state court.

ORDER

IT IS ORDERED that

1. Plaintiff's Minnesota case no. CO-08-405 is REMANDED to Minnesota state court.

2. Plaintiff has until March 12, 2010 to provide additional information establishing subject matter jurisdiction for Minnesota case no. 30-CV-08-1298. If he does not respond by that date, I will deny his motion for leave to proceed in forma pauperis and remand the case to state court in Minnesota.

Entered this 26th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3