IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1st NATIONAL REPOSSESSORS, INC.
and DON MASHAK,

                                              ORDER

              Plaintiff,

                                              09-cv-783-slc[1]

    v.

DANNETTE MEEKS-HULL and
MICHAEL HULL,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Don Mashak seeks to remove two Minnesota cases to this court and has requested leave to proceed in forma pauperis. (Only plaintiff Mashak signed the notice of removal. It is unclear whether Mashask can represent fellow plaintiff 1st National Repossessors, Inc., but I need not resolve this issue in order to rule on his notice of removal.) In a February 29, 2010 order, I remanded state case no. CO-08-405 because Mashak was attempting to remove that case as a plaintiff. I withheld a ruling on state case no. 30-CV-08-1298 because Mashak provided little information about the case, and I gave him a chance

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

to provide additional information explaining how the case raises a federal question that this court has the power to hear. Now Mashak has filed supplemental information about the case. After considering this submission, I will remand state case no. 30-CV-08-1298.

Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332.

The documents submitted by Mashak show that state case no. 30-CV-08-1298 is a proceeding in the Minnesota District Court for Isanti County in which petitioner Dannette L. Meeks-Hull filed a petition for a "harassment restraining order" under Minnesota Statues § 609.748 on December 11, 2008. A Minnesota harassment restraining order proceeding does not appear to arise under the Constitution, laws or treaties of the United States or

2

present a controversy between citizens of different states exceeding the sum or value of $75,000, and Mashak provides no explanation for why it does, as is required under U.S.C. § 1441(a). Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (burden of establishing federal jurisdiction is on party seeking removal). Therefore, he may not remove this action.

## ORDER

IT IS ORDERED that

1. Minnesota case no. 30-CV-08-1298 is REMANDED to the Minnesota District Court for Isanti County. The clerk of court is directed to transmit the case to that court promptly.

2. Plaintiff Don Mashak's motion for leave to proceed in forma pauperis, dkt. #2, is DENIED as unnecessary.

Entered this 17th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge