IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1st NATIONAL REPOSSESSORS, INC.
and DON MASHAK,

                                  ORDER

Plaintiff,

                         09-cv-783-slc[1]

       v.

DANNETTE MEEKS-HULL and
MICHAEL HULL,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action, plaintiff Don Mashak sought to remove two Minnesota cases to this court.  (I will refer to Mashak as plaintiff throughout this order because that is how he has captioned his notice of removal.)  On February 26, 2010, I issued an order remanding Minnesota case no. CO-08-405 on the ground as plaintiff in that action, Mashak could not remove the case.  I remanded the case, but gave him another opportunity to explain his basis for the removal of Minnesota case no. 30-CV-08-1298.  Plaintiff responded, but failed to show how that case arose under the Constitution, laws or treaties of the United States or

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

presented a controversy between citizens of different states exceeding the sum or value of $75,000.   Therefore, on March 17, 2010, I issued an order remanding case no. 30-CV-08-1298.

Now plaintiff has filed a motion for reconsideration of the March 17 order, arguing that case no. 30-CV-08-1298 indeed involves a controversy exceeding the sum or value of $75,000 because defendants Dannette Meeks-Hull and Michael Hull "acted to destroy [plaintiff's] business as a matter of simple industrial espionage." I will deny this motion for two reasons. First, although plaintiff argues that more than $75,000 was in controversy in case no. 30-CV-08-1298, the documents he submitted show that the state case is an action for a temporary restraining order against plaintiff. Not only is that case resolved, leaving nothing to remove, but there is no reason to believe that plaintiff could recover damages in that case. Second, the case cannot be removed to federal court on the basis of diversity jurisdiction because plaintiff does not show that the parties are citizens of different states. Accordingly, I will deny plaintiff's motion for reconsideration.

Finally, plaintiff has filed a motion asking the court for an injunction ordering  Joe O'Brien (who appears to be an attorney retained by plaintiff for this case, although O'Brien never made an appearance) to return plaintiff's copy of "the file" in this case to him. As this case has been resolved, there is no reason for this court to consider plaintiff's request. If plaintiff believes that O'Brien has taken his property unlawfully, his recourse is in the state

2

courts.

ORDER

IT IS ORDERED that

1. Plaintiff Don Mashak's motion for reconsideration of the court's March 17, 2010

order, dkt. #8, is DENIED.

2. Plaintiff's motion for injunctive relief against Joe O'Brien, dkt. #9, is DENIED.

Entered this 1st day of July, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3